UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14004-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN HENRY ALEXANDER,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change his plea in this criminal case on October 16, 2024.

2. I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. DE 50. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to the Indictment, which charges him with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

5. I reviewed with the Defendant the mandatory minimum and maximum penalties applicable to the Indictment. The Defendant acknowledged that he understood the penalties that could be imposed in his case.

6. The Plea Agreement contains provisions regarding forfeiture. The Defendant agreed to forfeit to the United States all right, title and interest in the property described in the Plea Agreement.

7. The Plea Agreement contains an agreement by the parties to jointly recommend that the Court find at sentencing that the quantity of controlled substance involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines, and attributable to the Defendant, is 27.7 grams of methamphetamine (actual). I explained to the Defendant that, although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

8. The parties submitted a written Factual Proffer which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. The Factual Proffer has been filed in the record in this case. DE 51. The Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant

agreed that the Factual Proffer accurately sets forth the facts in his case as he understands them to be. I find that the Factual Proffer sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to the Indictment freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty to the Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 4th day of November, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE